UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT A. FRIEDE, | No. 2:17-cv-00499 KJM GGH PS |
| Plaintiff, | |
| v. | ORDER |
| DEEPAR PRASAK, et al., | |
| Defendants. | |

    Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to the undersigned under Local Rule 302(c)(21).

    Plaintiff has submitted the affidavit required by section 1915(a) showing that he is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

    Determining plaintiff may proceed in forma pauperis does not complete the required inquiry, however.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  A claim is legally frivolous when it lacks an arguable basis either in law

or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

This is one of those cases where a plaintiff, struggling with persons or events which adversely affect his life, files a grievance list with the hope that a federal court can make his life better.  But there is no authority given to the federal courts to act as an ombundsmen or advocate for plaintiff.  Plaintiff must allege a violation of law which this court is authorized to adjudicate.

In both his Complaint and his in forma pauperis application petitioner adverts to the fact that he is disabled, but makes no specific claim under the Americans with Disability Act only noting that it forms the basis for his federal jurisdiction claim.  ECF No. 1 at 4.  Further, he attaches a Stipulation and Order, approved by a Sacramento Superior Court Commissioner, acting as a Temporary Judge, on February 28, 2017, apparently entered in connection with an unlawful detainer action filed by his landlord.  ECF No. 1 at 11.  In that Stipulation and Order plaintiff agrees to pay certain fees and costs and to vacate the property in which he resides by March 31, 2017, in exchange for which the landlord will stay proceedings to evict him immediately.  <u>Id.</u> Plaintiff is apparently claiming in his action in this court that the landlord, his attorney, and the property manager violated two state statutes – California Civil Code § 1942.4 and California Code of Civil Procedure § 1174.21, and then tricked or coerced him into entering the Stipulation that overrode those statutory protections.

Federal jurisdiction, which is what plaintiff pleads here, arises under 28 U.S.C. § 1331 when the plaintiff alleges a claim arising under the United States Constitution or *federal* laws or treaties.  General grievance allegations, or mere references to federal law, are insufficient to meet this standard.

Further, plaintiff would have this federal court take action to compensate him for the injury suffered by the ultimate enforcement of the Stipulation and Order.  ECF No. 1 at 6.  This

court cannot, however, interfere with, or overturn the results of, state court proceedings.  Rather, the court must abstain from interference with pending state proceedings that are judicial in nature or state proceedings that involved important state interests so long as the statue proceedings can afford an opportunity to raise any constitutional issue the plaintiff may claim.  Plaintiff cannot ask this court to simply overturn state court proceedings.  Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003) (discussing the Rooker-Feldman doctrine generally precluding federal court review of state court decisions); Younger v. Harris, 401 U.S. 37, 43-54 (1971); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (generally precluding interference with ongoing state court proceedings).

Here it would appear that plaintiff can return to the Sacramento Superior Court and seek to set aside the Stipulation and Order on the ground laid out in his federal complaint and, if he is unsuccessful, he may appeal his claim.

For the foregoing reasons it is ordered that plaintiff's complaint shall be dismissed with leave to amend.  Plaintiff must focus his complaint on those federal laws which he thinks have been violated, and must allege facts which show such a violation.  Plaintiff must name a defendant(s) who would be liable pursuant to the federal laws if the facts alleged were to be proven in court.

Any amended complaint must be filed within thirty days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: March 10, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE