UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT A. FRIEDE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEEPAR PRASAK, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-00499-KJM-GGH PS<br><br><br>ORDER |

　　　　　Pro se plaintiff is a disabled veteran facing potential eviction. On March 8, 2017, he filed this action in federal court, with reference to the Americans with Disabilities Act (ADA) as the basis for federal jurisdiction. ECF No. 1. Two days later, the complaint was dismissed while providing 30 days to amend, because the original complaint pled no plausible ADA claim. Order March 10, 2017, ECF No. 3. On March 13, 2017, plaintiff moved for a temporary restraining order (TRO) asking the court to block his eviction and overturn a state court decision. ECF No. 4. As discussed below, the court DENIES plaintiff's motion, without prejudice.

　　　　　The standard for issuing a TRO is similar to that of a preliminary injunction and requires that the party seeking the TRO show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party."

1

1  *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th
2  Cir. 2002). Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without
3  notice to the adverse party in limited circumstances where "specific facts in an affidavit or a
4  verified complaint clearly show that immediate and irreparable injury, loss, or damage will result
5  to the movant...." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing any
6  efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P.
7  65(b)(1)(B).
8      Here, plaintiff's TRO motion cannot succeed because there is no operative
9  complaint before the court and plaintiff's motion does not comply with Rule 65's notice
10 requirement. Determining whether to issue a TRO depends on analyzing the underlying claims
11 plaintiff's complaint raises. *Immigrant Assistance Project*, 306 F.3d at 873. Plaintiff has not yet
12 filed an amended complaint. ECF No. 3. Thus, there is no complaint against which to assess the
13 appropriateness of a TRO. Even if there were a complaint before the court, plaintiff has not
14 certified in writing any efforts to put defendant on notice of his *ex parte* TRO motion, nor has he
15 offered any reason why the court should not require notice. *See generally* ECF No. 4. Very few
16 circumstances justify issuing a TRO without notice to the adversary, particularly where such
17 notice is possible. *Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006).
18     Accordingly, the court DENIES the motion, without prejudice to refiling with
19 correction of the deficiencies noted above.
20     This order resolves ECF No. 4.
21     IT IS SO ORDERED.
22 DATED: March 14, 2017.

                                      UNITED STATES DISTRICT JUDGE