UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT A. FRIEDE, <br><br> Plaintiff, <br><br> v. <br><br> DEPAR PRASAK, et al., <br><br> Defendants. | No. 2:17-cv-00499 KJM GGH <br><br><br> ORDER |

Plaintiff, proceeding in pro se and in forma pauperis, filed his original Complaint on March 8, 2017. ECF No. 1. On March 10, 2017 this court dismissed the Complaint with leave to amend and pointing out plaintiff's duty to identify specific federal laws he contends defendants have violated and the facts to support his contention as to each defendant.

On April 5, 2017 plaintiff filed his First Amended Complaint, ECF No. 6, together with a Motion for Summary Judgment. ECF No. 7. The Amended Complaint still misses the mark in terms of clearly stating the basis for federal jurisdiction and relating the application of the statutes that provide such jurisdiction to the individual defendants who are listed in it.

Although pro se complaints are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, Nordstron v. Ryan, 762 F.3d 903, 908 (9th Cir. 2015, he is still bound to

adhere to the Federal Rules of Civil Procedure in making his claims.

Federal Rule of Civil Procedure 8 states the general pleading standard in federal courts. That Rule calls for three basic elements that must be included in the initial pleading:

    (1)    a short and plain statement of the grounds for the court's jurisdiction;
    (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

In his Amended Complaint, plaintiff has identified a specific set of statutes that he contends both establish jurisdiction in this court and lay out the bases for his claims of redressable injury. Principal among them are various provisions of the Federal Fair Housing statutes, 42 U.S.C. section 3601 et seq. Plaintiff does not, however, identify how each of the named defendants have violated any of the rights found in those statutes. Thus his complaint fails to give the defendants "fair notice" of their legal exposure and provide them with the facts that make them responsible for plaintiff's claimed injuries. Plaintiff must, in pleading his claims, demonstrate the elements of the statutes upon which he relies. For instance, 42 U.S.C. section 3603 indicates to which dwellings the statutory scheme applies. Plaintiff has not addressed the application of this code section to his claims. Therefore, if he chooses to amend his Complaint for claims pursuant to this statutory scheme, he is encouraged to read them carefully and allege the elements required within the statutes making sure to demonstrate how each of the named defendants bear responsibility under the statute and how they have violated it.

Plaintiff also attempts to plead claims under 42 U.S.C. sections 1983 and 1985 both of which were enacted to give effect to the Fourteenth Amendment of the federal constitution which states, in principal part that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

These statutes, then, can only be brought to bear against those defendants who are "state actors,"

i.e., are acting within powers given them by the State. It would not seem likely that, given the nature of his claims, these defendants would fit the definition of "state actors."

Finally, plaintiff has also filed a Motion for Summary Judgment that is premature. There is no defendant yet joined in this action at whom this Motion can be aimed or who can respond to the Motion so that it can be adjudicated.[1]

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. Plaintiff's Motion for Summary Judgment is vacated as premature;
3. Plaintiff shall have 45 days in which to file a Second Amended Complaint, captioned as such, that conforms to the dictates of this Order.

Dated: May 24, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does note that plaintiff's discussion of the Fair Housing Act found in the Motion could certainly be put to good use in any amendment he may choose to file.