UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT A. FRIEDE,<br><br>    Plaintiff,<br><br>    v.<br><br>DEEPAR PRASAK, et al.,<br><br>    Defendants. | No. 2:17-cv-00499-KJM-CKD<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Kent A. Friede, proceeding without counsel, filed his original complaint and motion to proceed *in forma pauperis* on March 8, 2017. (ECF No. 1.) While plaintiff's motion was granted, he has been unable to state a claim for relief in this court. Indeed, the court has given plaintiff numerous opportunities—along with specific instructions—to state a claim that invokes this court's jurisdiction. (See ECF Nos. 3, 6, 8-10.) On July 24, 2017, Magistrate Judge Gregory Hollows dismissed plaintiff's second amended complaint and plainly explained:

> In order to perfect these claims [plaintiff] must do the following things in any further amendment:
>
> 1. Identify the disability from which he suffers that allegedly led to his housing loss, and/or his race and how it affected that loss if in fact he is alleging it did so;
>
> 2. Plaintiff names a number of individual defendants but he does not state necessary facts regarding what action each named defendant took, when he or she took the action, and how the action impacted the federal rights that form the basis for his

1

|   |   |
|---|---|
| 1 | complaint; |
| 2 | 3. State facts regarding his claim for breach of the implied warranty of habitability, when the breach occurred, and how it affected the loss of housing about which he complains. |
| 3 | |
| 4 | [. . .] |
| 5 | Plaintiff is advised that failure to conform to the requirements listed above may well result in a recommendation for dismissal of any further Amendment with prejudice. |
| 6 | |

(ECF No. 10 at 2.)

On September 14, 2018, plaintiff filed the third amended complaint ("TAC"). (ECF No. 11.) Due to the retirement of Judge Hollows, this matter was reassigned to the undersigned. (ECF No. 13.) For the reasons discussed below, the court lacks federal subject matter jurisdiction over the action. Accordingly, the undersigned recommends that the action be dismissed without prejudice.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Additionally, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Despite numerous opportunities in this matter, plaintiff has failed to state a claim that invokes this court's jurisdiction. Plaintiff's TAC is vague, rambling, and at times unintelligible. While the TAC refers to federal statutes and indicates that he was discriminated against because of race, the TAC fails to state facts sufficient to state a claim, even after Judge Hollows gave specific instructions, numerous opportunities, and pointed questions for plaintiff to answer. (See generally, ECF No. 9.)

First, plaintiff does not indicate what his disability is. Second, plaintiff fails to sufficiently explain what part each defendant allegedly played in the underlying events. Third, while plaintiff disputes the amount of rent he owed when he was evicted, he admits that he owed the landlord rent when evicted. (Id. at 3.) Fourth, while plaintiff uses the word "discrimination," he fails to sufficiently allege that it was his race that led to his eviction. The TAC is equivocal and lacks the specificity necessary to state a claim. In the same sentence in which plaintiff claims the landlord "wanted" to evict him for "to[o] many white people at my house" he also admits that the landlord evicted him for "rent to be paid." (Id. at 2.) Plaintiff's conclusory allegations of racial discrimination fail to state a plausible claim to invoke federal question jurisdiction. Iqbal, 556 U.S. at 678. Indeed, it appears that the central underlying facts that led to the eviction—according to plaintiff—concern a dispute regarding money plaintiff spent on repairs to the apartment that he wanted the landlord to credit to his rent payment. (ECF No. 9 at 4-5.)

The court expresses no opinion as to whether plaintiff may be able to pursue his California state law claims in state court. However, the court plainly does not have federal question jurisdiction over the action because plaintiff has failed to assert any federal claims against defendants. Nor does it appear plausible that plaintiff could assert some type of federal claim

3

against defendants with further leave to amend, as he has already attempted to do so in four separate pleadings.  Furthermore, there is no diversity of citizenship jurisdiction because plaintiff and defendants are all citizens of California.  Therefore, the court recommends that the action be dismissed without prejudice for lack of federal subject matter jurisdiction.

While a court must construe a pro se pleading liberally, it has been thoroughly demonstrated that plaintiff is incapable of stating a claim under the jurisdiction of this court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED without prejudice for lack of subject matter jurisdiction.
2. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 2, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE